MILLER KORZENIK RAYMAN LLP
David S. Korzenik
Mona Houck
1501 Broadway, Suite 2015
New York, N.Y. 10036
(212) 752-9200
dkorzenik@mkslex.com
mhouck@mkslex.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREW LOWNIE,<br><br>Plaintiff,<br><br>v.<br><br>SIMON & SCHUSTER LLC,<br><br>Defendant. | No. 1:25-cv-10261-AT<br><br>**DEFENDANT'S ANSWER**<br>**TO COMPLAINT** |

Defendant Simon & Schuster LLC, by its attorneys, Miller Korzenik Rayman LLP, for its Answer to the Complaint alleges as follows:

**INTRODUCTION**

1.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2.      Admit that the Complaint purports to bring an action for breach of the parties' publishing agreement for a manuscript titled *Entitled: The Controversial Lives of the Duke and Duchess of York*. Deny the remaining allegations of this paragraph.

3.      Deny.

4.    Deny.

## THE PARTIES

5.    Admit.

6.    Admit, except deny that Simon & Schuster is incorporated in Delaware. Simon & Schuster is a New York limited liability company.

## JURISDICTION AND VENUE

7.    State that this paragraph contains a legal conclusion to which no response is required.

8.    Admit.

## STATEMENT OF FACTS

9.    Admit that the parties reached an agreement in principle in February 2025 to publish Plaintiff's book in the United States. Admit that Plaintiff had sold a United Kingdom version to HarperCollins UK. Deny that at the time of the agreement in principle the U.K. version's publication date was set for August 2025.

10.    Admit.

11.    Admit.

12.    Admit.

13.    Admit.

14.    Admit.

15.    Admit.

16.    Admit that the paragraph states part of the editorial process as described in the agreement; deny that it reflects the full contractual language.

17.    Admit.

18.     Admit that Defendant emailed editorial notes to Plaintiff on April 17, 2025. Deny that Plaintiff's characterization of those notes is accurate.

19.     Admit that Defendant copied Plaintiff's editor at HarperCollins UK on the April 17, 2025 email. Admit that Defendant stated that it preferred a November publication date. Deny that Defendant announced an August 12 publication date. Although an August publication date appeared briefly on an Amazon listing, Defendant did not make an announcement. Deny that Defendant wanted to publish later to accommodate any change in its publication schedule.

20.     Admit that publication at the same time as the U.K. edition of the book was not a condition of the agreement. Admit that Defendant was interested in aligned publication dates.

21.     Admit that Arabella Pike from HarperCollins UK emailed Aimee Bell on April 22 regarding the proposed publication date. Deny any implication that the email reflected a final decision that HarperCollins would publish in August. The email conditioned the publication date on legal clearance.

22.     Deny.

23.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

24.     Admit that Defendant terminated the publishing agreement for unacceptability in May 2025. Deny the remaining allegations and characterizations in this paragraph. State that the paragraph contains legal conclusions that do not require a response; to the extent a response is required, they are denied.

25.     Admit that Plaintiff emailed his editor on May 21 about the termination. Deny the paragraph's characterization of that correspondence.

26.     Admit.

27.     Deny.

28.     This paragraph contains legal conclusions that do not require a response. To the extent a response is required, the allegations are denied.

29.     Admit that HarperCollins UK published its version of Plaintiff's book in August 2025. Admit that the HarperCollins version appeared on the *Sunday Times* best-seller list. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

30.     This paragraph contains Plaintiff's speculation, to which no response is required. To the extent a response is required, the allegation is denied.

## CLAIMS
### Count I: Breach of Contract

31.     Defendant repeats and realleges its responses to Paragraphs 1-30 as if fully stated here.

32.     Admit that the parties entered into a valid agreement in April 2025. The remaining material in this paragraph is a legal conclusion, to which no response is required. To the extent a response is required, it is denied.

33.     Deny.

34.     Deny.

35.     Deny.

**Count II: Breach of Implied Covenant of Good Faith and Fair Dealing**

36. Defendant repeats and realleges its responses to Paragraphs 1-35 as if fully stated here.

37. State that this paragraph contains a legal conclusion, to which no response is required.

38. Deny.

39. Deny.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

By alleging the defenses below, Defendant is not acknowledging or conceding that it has the burden of proof or burden of persuasion on any issue or defense as to which applicable law places the burden on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### Estoppel

Plaintiff is estopped from enforcing any of the alleged rights, claims, and obligations it seeks to enforce against Defendant.

### THIRD AFFIRMATIVE DEFENSE
### Waiver

Plaintiff has waived the alleged rights, claims, and obligations it seeks to enforce against Defendant.

## FOURTH AFFIRMATIVE DEFENSE
### Lack of Damages

Plaintiff has not suffered any actual harm or damages as a result of any actions taken by Defendant, and Plaintiff is barred from asserting any cause of action against Defendant.

Dated:  New York, New York
   February 16, 2026

Respectfully submitted,

MILLER KORZENIK RAYMAN LLP

By:   /s/ David S. Korzenik
   David S. Korzenik
   Mona Houck

   1501 Broadway, Suite 2015
   New York, NY 10036
   dkorzenik@mkslex.com
   mhouck@mkslex.com
   (212) 752-9200

   *Attorneys for Defendant*