

88 Broad Street
Suite 503
Boston, MA 02110
617-303-3940
617-507-7976 (fax)
www.jwjmlaw.com

March 17, 2026

**<u>BY ECF</u>**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Lownie v. Simon & Schuster, LLC / 25-cv-10261-AT*

Dear Judge Torres,

I represent the Plaintiff, Andrew Lownie. Pursuant to this Court's Individual Practices in Civil Cases, (para. II, C), I submit this letter regarding the parties' citizenship and the Court's diversity jurisdiction over this matter.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— … (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. §1332(a).

The requirements for diversity jurisdiction are met in this case because the amount in controversy exceeds the $75,000 threshold and the parties are citizens different states. Plaintiff's Complaint alleges damages of at least $166,666.67 for Defendant's failure to pay the entire publishing agreement advance. Additional alleged damages include lost profits and damages to reputation. (Doc. 1). There is thus a reasonable probability that Plaintiff will recover damages in excess of the $75,000 minimum. *See United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 304–05 (2d Cir. 1994) ("[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.").

Plaintiff is a citizen of the United Kingdom and is not a lawful permanent resident of the United States.[1] He is therefore a citizen of the United Kingdom for diversity jurisdiction purposes.

Defendant, Simon & Schuster, LLC, is a limited liability corporation. "[T]he citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). Defendant's members are citizens of New York and New Jersey. It is therefore a citizen of those states.

Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of the United Kingdom and Defendant New York and New Jersey, this Court has diversity jurisdiction under 28 U.S.C. §1332(a).

Respectfully Submitted,

/s/ Jeffrey Wiesner
Jeffrey Wiesner
Wiesner McKinnon LLP
Massachusetts Office:
88 Broad St., Ste. 503
Boston, MA 02110
New York Office:
418 Broadway #4674
Albany, NY 12207
617-303-3940
jwiesner@jwjmlaw.com

---

[1] A foreign citizen's "domicile or residency in a particular state is not relevant unless he was a lawful permanent resident of the United States." *Chigirinskiy v. Panchenkova*, 252 F. Supp. 3d 379, 382 (S.D.N.Y. 2017).